THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SANTOS FONSECA CARRASCO, Defendant and Appellant.

Nos. 16033–034.   Argued March 1, 1956.—Decided March 28, 1956.

*Pedro Roldán Figueroa* and *Santos P. Amadeo* for appellant. *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán* and *Ramón C. Ruiz Sánchez, Fiscal* and *Assistant Fiscal of the Supreme Court,* respectively, for appellee.

PER CURIAM.

The prosecuting attorney of the Superior Court of Puerto Rico, Caguas Part, charged Santos Fonseca Carrasco with two violations of the Weapons Law of Puerto Rico—Act No. 17 of January 19, 1951 (Spec. Sess. Laws, p. 426) : one by having in his possession a revolver without having obtained a license therefor from the Chief of Police of Puerto Rico—§ 6 of the Act (misdemeanor)—and the other by carrying on his person a loaded revolver, with undischarged bullets, without having a license to carry weapons—§ 8 of the Act (felony).

The trial for the violation of § 8, felony, was heard before a jury, jointly with the trial for the violation of § 6, misdemeanor, which was heard by the court without a jury. After the evidence was introduced, the jury found defendant guilty of the felony charged and in turn the judge found him guilty of the misdemeanor. In the first case he was timely sentenced to a term of one year and two months' imprisonment in the penitentiary and in the second to six months' imprisonment in jail.

On appeal, he assigns three errors of the trial court: (1) in having deprived him of the right to appeal with a stenographic record pursuant to § 3 of the Act of March 10, 1904 (Sess. Laws, p. 120); (2) in holding that the defendant could be tried and convicted of a violation of § 8 of the Weapons Law despite having been already convicted of a violation of § 32 of the same Act; (3) in holding that the defendant could be convicted of violating the provisions of § § 6 and 8 of that law.

■ Appellant bases his first assignment of error on the following note which the court stenographer included in the transcript of the evidence submitted to the court, approved by the latter, and made a part of the record on appeal: "(stenographer's note)—the jury was impaneled and since no fundamental question of law was raised, the transcript is omitted of that part of the record concerning the impaneling of the jury which was constituted by the following persons: [the stenographer states the names and addresses of the members of the jury]."

The appellant invokes § 3 of the Act of March 10, 1904, which insofar as pertinent provides: "The said reporters shall correctly report all oral proceedings had in said courts and the testimony taken in all cases tried before said court, but the parties may, with the consent of the. judge, waive the reporting by such reporter of any such proceedings or testimony."

Appellant urges that the stenographer's failure to transcribe the incidents connected with the impaneling of the jury deprives him of the benefit of a complete appeal in order that this Court may notice on appeal, even without it being raised by appellant, any error prejudicing him in the proceedings.

Appellant is not correct. There is nothing in the record to show that the stenographer did not take down the transcript of the proceedings connected with the impaneling of the jury. His note, which explains why he did not transcribe that part of the proceedings, indicates just the opposite. The transcript of the evidence was notified to the appellant and approved by the court, without any indication in the record that the transcript was objected to or that the trial court was requested to order that the omitted part be included in the transcript of evidence.

The Act of March 10 invoked by the appellant does not apply to the facts in this case since the stenographer did not fail to take notes of those proceedings. What he actually did was to omit the transcript of that part connected with the impaneling of the jury, to which the appellant agreed by failing to take any steps to have the transcript completed, and by consenting to its approval. He failed to do so in the trial court as well as in this Court. He has merely prayed for the reversal of the judgment because he has been deprived of the right to a complete appeal. Appellant does not even point out any intimation of error on the part of the trial court in the course of impaneling the jury which might have proved prejudicial to him in those proceedings.

■ In his second assignment appellant contends that he could not be tried and convicted of a violation of § 8 of the Weapons Law—carrying a loaded revolver with undischarged bullets—since he had been sentenced by the District Court of Puerto Rico, San Lorenzo Section, for a violation of § 32,

paragraph (*a*) of that law which provides that any person who, otherwise than in self-defense or in the discharge of official duty: "(*a*) wilfully discharges any pistol, revolver, or other firearm, airgun, or other weapon, or who throws any deadly missile in a public place or any other place where there is any person who may be injured thereby, although no injury to any person ensues . . ." shall be guilty of misdemeanor.

In the course of the trial the prosecuting attorney admitted that the defendant had been sentenced by the District Court, San Lorenzo Section, to pay a $10 fine for having fired a shot.

Appellant, invoking § 44 of the Penal Code,[1] contends that both § 8 which forbids the *carrying* of any loaded firearm, and § 32 which forbids the *discharge* of a firearm, punish the same act, that is, the *carrying* of a loaded firearm.

Section 44 does not apply here. The illegal *carrying* of a loaded firearm is an offense which is committed independently of whether or not the firearm is discharged. The act of unlawfully discharging a firearm is an offense which is committed independently of whether or not the person discharging it, under the circumstances set forth in § 32, has a license to carry the weapon. They are, therefore, different and separate violations of law,[2] *Cf. People* v. *Albizu*, 77 P.R.R. 843, 851.

The second error, therefore, was not committed.

---

[1] Section 44.—"An act or omission which is made punishable in different ways by different provisions of this Code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

[2] Section 43 of the Weapons Law of Puerto Rico provides: "The prosecution and punishment of any person for any of the offenses defined and punished by this Act shall not bar prosecution and punishment of the same person for any other act or omission in violation of any other provision of this Act, the Penal Code, or any other Act."

Neither was the third. The offense punished by § 8 of the Act for the unlawful *carrying* of a loaded firearm is also separate and different from the offense punished by § 6 for the illegal *possession* of a firearm. It is consummated under different circumstances and standards of law which exclude the possibility of the merger of offenses.

The judgments will be affirmed.